## Richard D. Poole Inc. v. Sacarellos

*Harry R. Harmon*, for plaintiff.
*Dorothy Livaditis*, for defendants.

ERB, *J.*, October 30, 1989 — This matter is before the court with reference to defendants', Charidimos G. Sacarellos a/k/a Dimos G. Sacarellos and Lola D. Sacarellos a/k/a Theodora D. Sacarellos, preliminary objections to a mechanic's lien filed by claimant, Richard D. Poole Inc.

The relevant pleaded facts are as follows. On or about March 17, 1988, claimant and defendants entered into a written contract to have claimant construct a single-family home for defendants. The house was completed on January 23, 1989. Defendants have not paid claimant $365,294.94 which is outstanding. Claimant filed a mechanic's lien claim on February 28, 1989. Defendants then filed preliminary objections to the lien on May 4, 1989.

Defendants claim that the mechanic's lien, filed by claimant, does not meet the requirements of the Act of August 24, 1963, P.L. 1175, Article V, section 503, 49 P.S. §1503, which sets forth in subsection (5):

"If filed by a contractor under a contract or contracts for an agreed sum, an identification of the contract and a general statement of the kind and character of the labor or materials furnished; . . . "

To support their objections, defendants offer *Giansante v. Pascuzzo*, 205 Pa. Super. 28, 206 A.2d 340 (1965) and *Cioppi v. Norris*, 1 Bucks L. Rep. 130 (1955). *Giansante, supra,* involves a subcon-

tractor rather than a contractor. However, claimant in *Giansante, supra,* was upheld in the matter of having provided enough detail in his mechanic's lien claim. In the instant case, defendants are seeking relief based on the contention that claimant has not provided enough detail.

*Cioppi, supra,* involved an oral contract rather than a written contract as in the instant case. The court stated in the *Cioppi* case at 132:

"[W]hile as a general rule lumping charges is not proper, less particularity is required when the lien is filed by a contractor than when filed by a subcontractor."

We accept claimant's argument that the requirements on the mechanic's lien claim are different for contractors than for subcontractors. Subcontractors are required to provide more detail when filing claims against owners because there is no privity between subcontractors and owners. These requirements for subcontractors are clearly stated in 49 P.S. §1503(6), which specifically excludes contractors filing a claim under subsection (5). Case law supports this contention.

In *Diem v. Whirt,* 50 Lancaster L. Rev. 259 (1947), the court held:

"Where the contract is between the claimant and the owner, the same particularity as to the kind and amount of materials furnished and the nature or kind of work done and the time when the materials were furnished is not required as in a case involving a subcontractor and the owner." *Diem* at 260.

When, as in the instant case, a written contract exists between the parties, it is not necessary to file a detailed mechanic's lien claim. The claimant in this case was the contractor, not a subcontractor.

Under the Mechanics' Lien Law of 1963, a copy of the contract need not be attached to the claim. It need only be identified. 49 P.S. §1503(5) requires only that a contractor state "an identification of the contract . . . " Claimant did identify the contract by date, parties, and subject matter. Also, it is not beyond reason to presume that defendants have a copy of the contract.

Substantial compliance with the statute is the standard invoked by Pennsylvania courts to determine whether the claimant has conformed with the particularities of the statute. In *Mandos v. Baptist Church of Phoenixville,* 8 Chester L. Rep. 108, 110 (1957), the court stated that a "substantial compliance with the Mechanic's Lien Act is sufficient, and this is shown to exist whenever enough appears on the face of the statement to point the way to successful inquiry." In the instant case, sufficient information is contained in the mechanic's lien claim to identify the particular transaction in question.

In conclusion, in interpreting the Mechanics' Lien Law of 1963, supported by case law, the court finds claimant has met the requirements for a mechanic's lien claim. Therefore, defendants' preliminary objections will be denied.

Accordingly, we enter the following

## ORDER

And now, October 30, 1989, defendants', Charidimos G. Sacarellos a/k/a Dimos G. Sacarellos and Lola D. Sacarellos a/k/a Theodora D. Sacarellos, preliminary objections to mechanic's lien claim filed by claimant, Richard D. Poole Inc. are refused and denied.